# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELSHAZALI GOW, | |
| Plaintiff, | CIVIL ACTION NO. 1:14-cv-02034 |
| v. | (KANE, J.)<br>(SAPORITO, M.J.) |
| DAUHPIN COUNTY PRISON, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATION

This is a prisoner civil rights action, brought pursuant to 42 U.S.C. § 1983. The complaint was originally filed in Pennsylvania state court on September 23, 2014, by counsel for the plaintiff, Elshazali Gow. The complaint asserts two causes of action: (a) a federal civil rights claim for the unconstitutional use of excessive force against Gow while he was incarcerated at Dauphin County Prison as a pretrial detainee; and (b) a state law claim for the intentional tort of assault and battery. The complaint seeks an award of compensatory and punitive damages, costs of suit and reasonable attorney fees. The action was removed to this Court on October 21, 2014, by the only defendant served with process, Dauphin County Prison.

The defendant has moved for summary judgment. In addition to its motion, the defendant has filed a brief in support, a statement of undisputed material facts, and a number of documentary exhibits. The plaintiff, now appearing *pro se*,[1] has filed a brief in opposition to the motion, but he has failed to file a counter-statement of material facts, as required by the local civil rules. The defendant has filed a reply brief, as permitted by the local rules. The motion is ripe for disposition.

## I.   UNDISPUTED MATERIAL FACTS[2]

Gow was an inmate at Dauphin County Prison from September 17, 2012, until his release on September 28, 2012. He was incarcerated while awaiting trial for charges of stalking, terroristic threats, and harassment.

On September 21, 2012, at approximately 12:04 p.m., Gow spit on the

---

[1] The plaintiff was represented by counsel when he filed his complaint in this action. Counsel of record later withdrew and the plaintiff now represents himself without counsel. *See generally* 28 U.S.C. § 1654.

[2] These facts are gleaned from the defendant's statement of material facts and the documentary evidence submitted in support of it. As discussed below, the plaintiff has failed to submit a counter-statement of facts or any evidence to contradict the facts as summarized by the defendant. We note that the complaint itself alleged that this incident occurred "on or about September 24, 2012," but the plaintiff has adduced no evidence to counter the significant volume of contemporaneous prison records establishing that the incident took place on September 21, 2012. There is no evidence of any sort of disturbance involving Gow, or of any injury to Gow, that occurred on September 24, 2012.

floor in the main holding cell. A corrections officer, Sergeant Kyle Bahoric, questioned Gow's conduct, and Gow responded: "I spit, is that okay?" Bahoric told Gow that his conduct was unacceptable, to which Gow responded: "You clean it up."

As a result of this interaction, Gow was taken from the main side holding cell to the booking area to be changed into a "lock in uniform." While in the booking area, Gow turned to Bahoric and stated: "How about I spit in your fucking face!" Bahoric believed Gow was about to spit in his face and attempted to restrain Gow. He was joined by a second corrections officer, Sergeant Ray Adams, who assisted Bahoric in attempting to restrain Gow. The plaintiff continued to resist and refuse all orders from the two corrections officers, so they used pepper spray in an attempt to gain Gow's compliance. Several additional corrections officers responded to assist as well, and once Gow was under control, he was placed into a restraint chair and escorted to a segregation cell.

Once Gow was in the segregation cell, he was evaluated by medical staff. While a nurse, Samuel Cockrell, LPN, was rinsing Gow's eyes to alleviate discomfort from the pepper spray, Gow spit in Cockrell's face.

In accordance with prison policy, the prison's Correctional

Emergency Response Team ("CERT") was activated at 2:04 p.m., and Gow was released from the restraint chair for fifteen minutes of recreation. Gow refused to cooperate with CERT, which required the use of pepper spray to subdue him once again. Gow was placed back into the restraint chair and evaluated by medical staff, who flushed his eyes with saline. Gow complained of nose pain, but the medical staff noted no signs of trauma or deformity. Finally, the medical staff checked Gow's restraints to confirm that they allowed adequate circulation.

In accordance with prison policy, CERT was again activated at 3:56 p.m., and Gow was released from the restraint chair for fifteen minutes of recreation. Gow again refused to cooperate with CERT, which required the use of pepper spray to subdue him. Gow was evaluated by medical staff, who flushed his eyes with saline and checked his restraints to confirm that they allowed adequate circulation. A nurse also administered five milligrams of Haldol and two milligrams of Ativan to Gow.

In accordance with prison policy, CERT was activated a third time at 5:59 p.m., and Gow was released from the restraint chair for fifteen minutes of recreation. This time, Gow complied with all orders. He was evaluated by medical staff, who found no injuries. Gow was provided with

a meal during his recreation time, and he complied when ordered to return to the restraint chair at the end of recreation time.

In accordance with prison policy, CERT was activated for a final time at 7:42 p.m., and Gow was released from the restraint chair for fifteen minutes of recreation. Because Gow was compliant, he was not returned to the restraint chair. Gow was evaluated by medical staff, who noted small abrasions on both wrists from handcuff exposure, which were treated by washing them out with saline solution. No other injuries were noted. Because Gow had reported suicidal thoughts at various points throughout the day, he was placed on a one-on-one watch by the medical staff until he was cleared by a staff psychiatrist or psychologist.

The entire incident occurred on September 21, 2012. Gow remained in segregation and on one-to-one medical watch until September 24, 2012. Gow was issued several disciplinary reports in connection with this incident, but he was released from Dauphin County Prison on September 28, 2012, before a disciplinary hearing was held.

Gow initiated this action by filing a civil complaint in the Court of Common Pleas for Dauphin County, Pennsylvania, on September 23, 2014.

## II.   LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes such a showing, the non-movant must set forth specific facts, supported by the record, demonstrating that "the evidence presents a sufficient

disagreement to require submission to the jury." *Anderson*, 477 U.S. at 251–52.

## III.   DISCUSSION

The defendant has moved for summary judgment on the ground that the plaintiff's federal § 1983 claim and his state tort claim are both barred by the statute of limitations.[3]

Ordinarily, in evaluating a motion for summary judgment, the Court must first determine if the moving party has made a *prima facie* showing that it is entitled to summary judgment. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. Only once that *prima facie* showing has been made does the burden shift to the nonmoving party to demonstrate the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. Both parties may cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to

---

[3] The defendant has advanced other, alternative grounds for summary judgment as well. Because Gow's claims are time-barred, we need not reach these alternative grounds for summary judgment.

support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Although evidence may be considered in a *form* which is inadmissible at trial, the *content* of the evidence must be capable of admission at trial." *Bender v. Norfolk S. Corp.*, 994 F. Supp. 2d 593, 599 (M.D. Pa. 2014); *see also Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 n.13 (3d Cir. 1999) (noting that it is not proper, on summary judgment, to consider evidence that is not admissible at trial).

Here, the defendant has moved for summary judgment and, in support of that motion, it has submitted a statement of material facts, several affidavits and declarations, documentary evidence, and a transcript of the plaintiff's deposition. Although Gow actively contests the motion, having filed a brief in opposition to it, he has failed to submit a counter-statement of material facts or point to any specific evidence to controvert the evidence marshalled by the defendant—particularly the defendant's evidence that the incident occurred on September 21, 2012. Under the local civil rules, all material facts set forth in the movant's statement of material facts "will be deemed to be admitted unless

controverted" by a counter-statement of material facts by the non-movant, L.R. 56.1.

However, Gow's failure to contest the facts and evidence adduced by the defendant does not mean that the defendant is automatically entitled to summary judgment. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990). This local rule must be construed and applied in a manner consistent with Rule 56 of the Federal Rules of Civil Procedure. *See id.* at 174. Thus, in the context of a motion for summary judgment, a non-movant's failure to file a counter-statement of material facts is "construed as effecting a waiver of [the non-movant's] right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompanying it." *Id.* at 175–76. The moving party must nevertheless establish that, based on the facts set forth in support of its motion, it is entitled to judgment as a matter of law. *See id.*; *see also Miller v. Ashcroft*, 76 Fed. App'x 457, 462 (3d Cir. 2003); *Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993).

In this case, the defendant has met its burden by making a *prima facie* showing that Gow failed to commence this civil action before the applicable statute of limitations had run. Gow has asserted a federal civil

rights claim under 42 U.S.C. § 1983 and a state-law tort claim. Gow's § 1983 claim is subject to Pennsylvania's two-year statute of limitations applicable to personal injury actions. *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78–79 (3d Cir. 1989); *see also* 42 Pa. Cons. Stat. Ann. § 5524. His state-law tort claim is subject to the same two-year statute of limitations. *See* 42 Pa. Cons. Stat. Ann. § 5524(1).[4]

Both of Gow's claims arise out of an incident that occurred on September 21, 2012. *See Kach v. Hose*, 589 F.3d 626, 634–35 (3d Cir. 2009) (§ 1983 cause of action generally accrues at time of injury); *Pocono Int'l Raceway, Inc. v. Pocono Produce, Inc.*, 468 A.2d 468, 471 (state tort cause of action generally accrues at time of injury). Ordinarily, the limitations period would have expired two years later on September 21, 2014. *See Perrine v. Heishman*, 253 F. Supp. 68, 69 (M.D. Pa. 1966). But because September 21, 2014, fell on a Sunday, the last day for Gow to timely commence this civil action was Monday, September 22, 2014. *See Powell v.*

---

[4] "Th[e] statute of limitations embodies the following three policies: (1) rights should be enforced without unreasonable delay; (2) after a certain period of time a defendant should have repose and should be spared from defending against a stale claim; and (3) it is wasteful to use judicial resources to decide stale claims on stale evidence." *Bosworth v. Plummer*, 510 F. Supp. 1027, 1029 (W.D. Pa. 1981).

*Kull*, 329 F. Supp. 193, 195 (M.D. Pa. 1971); *see also* 1 Pa. Cons. Stat. Ann. § 1908; Pa. R. Civ. P. 106(b); *cf.* Fed. R. Civ. P. 6(a)(1)(C). Gow commenced this action by filing a state-court civil complaint with the prothonotary one day later, on September 23, 2014. *See* Pa. R. Civ. P. 1007 (action may be commenced by filing a complaint or a praecipe for a writ of summons with the prothonotary); *see also Benn v. Linden Crane Co.*, 370 F. Supp. 1269, 1278 (E.D. Pa. 1973) (discussing the same). Accordingly, this action is barred by the statute of limitations. *See Perrine*, 253 F. Supp. at 70 (action filed one day after expiration of limitations period was time-barred).

The plaintiff argues that, although the complaint was not filed until September 23, 2014, he "initiated" this action well before the statute of limitations had run. He notes that: (a) he retained an attorney in October 2012, just weeks after he was released from Dauphin County Prison; (b) his attorney sent a letter dated March 21, 2013, to the defendant, providing notice of intent to sue (Doc. 35, at 5); and (c) counsel for the defendant responded by letter dated April 8, 2013, advising plaintiff's erstwhile counsel that he represented the defendant and that all future communications should be directed to him (Doc. 35, at 4).

Retention of a lawyer to represent the plaintiff does not "commence"

an action for statute of limitations purposes, nor does informal pre-filing communication between counsel for the parties. As noted above, an action may only be commenced in Pennsylvania state court by filing a complaint or a praecipe for a writ of summons.

Alternatively, this argument by the *pro se* plaintiff might be construed as an argument that the statute of limitations should be tolled (or paused) by these events. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions). A federal court may toll statutes of limitations for federal laws where the plaintiff "in some extraordinary way has been prevented from asserting his or her rights." *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997). Equitable tolling is appropriate in three general circumstances:

> (1) where a defendant actively misleads a plaintiff with respect to h[is] cause of action; (2) where the plaintiff has been prevented from asserting h[is] claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts h[is] claims in a timely manner but has done so in the wrong forum.

*Lake v. Arnold*, 232 F.3d 360, 370 (3d Cir. 2000).

Gow does not contend that he was misled by the defendant with respect to his cause of action, he does not contend that he asserted his

claims in a timely manner but in the wrong forum, and he does not identify any extraordinary circumstances that prevented him from timely asserting his claim. He notes that he retained an attorney well before the statute of limitations had run, but even if we infer a suggestion that his attorney was at fault for failing to timely commence the action, such "garden variety neglect of an attorney" is not an extraordinary circumstance that would justify equitable tolling of the statute of limitations. *Thomas-Warner v. City of Philadelphia*, Civil Action No. 11-5854, 2011 WL 6371898, at *9 (E.D. Pa. Dec. 20, 2011); *see also Bacchus v. United States*, No. CIVA05-2107 (KSH), 2006 WL 1517746, at *4 (D.N.J. May 23, 2006). He further notes that his attorney provided the defendant with written notice of Gow's intent to sue, and that counsel of record for the defendant acknowledged receipt of this notice in writing as well, but the delivery of written notice to a government defendant of the plaintiff's intent to sue does not toll the statute of limitations for either a federal § 1983 claim or a state tort claim. *McGarrey v. Marquart*, No. 02:07-cv-1556, 2010 WL 235115, at *7 (W.D. Pa. Jan. 12, 2010).

The defendant has met its burden by making a *prima facie* showing that it is entitled to judgment as a matter of law because the plaintiff

failed to commence this civil action before the applicable statute of limitations had run. The plaintiff has failed to demonstrate the existence of a genuine dispute of material fact. Accordingly, the defendant is entitled to summary judgment.

## IV.   RECOMMENDATION

For the foregoing reasons, it is recommended that:

1.   The defendant's motion for summary judgment (Doc. 25) be **GRANTED**;

2.   The Clerk be directed to enter **JUDGMENT** in favor of the defendant and against the plaintiff; and

3.   The Clerk be directed to **CLOSE** this case.


Dated: September 22, 2016              ___*s/ Joseph F. Saporito, Jr.*___
                                       JOSEPH F. SAPORITO, JR.
                                       United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

ELSHAZALI GOW,

     Plaintiff,

     v.

DAUHPIN COUNTY PRISON, et al.,

     Defendants.

CIVIL ACTION NO. 1:14-cv-02034

(KANE, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated September 22, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: September 22, 2016                    ***s/ Joseph F. Saporito, Jr.***
                                             JOSEPH F. SAPORITO, JR.
                                             United States Magistrate Judge